JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST OF TX.

2003 OCT 31  PM 8: 07

CLERK OF COURT

## I. (a) PLAINTIFFS

Southwest Airlines, Co.

## DEFENDANTS

Farechase, Inc. and
Outtask, Inc.

**(b)** County of Residence of First Listed Plaintiff _____ Dallas County _____
(EXCEPT IN U.S. PLAINTIFF CASES)

RECEIVED IN DRAWER BOX

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

OCT 31 2003

CLERK OF COURT
SOUTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attachment

Attorneys (If Known)

Attorneys Unknown

3 03CV 2671 - H

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.)

Plaintiff files this action under 15 U.S.C.§§1125(a) and 1051 et.seq.; and 18 U.S.C.§1030 et seq.; arising from defendants' unauthorized access of plaintiff's southwest.com website.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Preliminary & Permanent Injunction

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
10.31.03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**I. (c)**    Attorney's (Firm Name, Address, and Telephone Number)

Yetter & Warden, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
713-632-8000

Cowles & Thompson
901 Main Street, Suite 4000
Dallas, Texas 75202
214-672-2173



ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 3 1 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SOUTHWEST AIRLINES CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | **3 03 C V 2 6 7 1 - H** |
| **FARECHASE, INC. and** | § | |
| **OUTTASK, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

Plaintiff, SOUTHWEST AIRLINES CO. ("Southwest"), through its attorneys, brings this action against Defendants, FARECHASE, INC. ("FareChase") and OUTTASK, INC. ("Outtask"), for injunctive relief and damages under the laws of the United States and the State of Texas. Based on actual knowledge with respect to itself and its own acts, and upon information and belief as to all other persons and matters, plaintiff alleges as follows:

### Nature of the Action

1.    This is a suit to stop defendants' wrongful use of screen-scraping software to access, search, and copy from the Southwest.com website without authorization. This suit also seeks to prevent injury to Southwest's goodwill and reputation arising from defendants' misrepresentations regarding Southwest's fares and to prevent any misimpression among the traveling public that Southwest in any way endorses, participates in, sponsors, or approves of defendants' business, which is inconsistent with Southwest's high standards of customer service.

### Parties

2.    Southwest is a Texas corporation with its principal place of business in Dallas, Texas.

**COMPLAINT**

3.    FareChase is a Delaware corporation with its principal place of business on the Internet, with corporate offices in New York, New York.  Farechase, Inc. (FareChase) is a foreign corporation which may be served with process by serving Texas Secretary of State, Citations Unit, 1019 Brazos Street, Room 214, James E. Rudder Building, Austin, Texas 78701, who then shall mail a copy of the process by registered mail or by certified mail, return receipt requested, to FareChase, Inc., Corporate Office, 50 W. 23rd Street, PH Suite, New York, New York 10010, which is the home office or principal business office of FareChase, Inc.

4.    Outtask is a Delaware corporation with its principal place of business on the Internet, with corporate offices in Alexandria, Virginia.  Outtask, Inc, (Outtask) is a foreign corporation which may be served with process by serving Texas Secretary of State, Citations Unit, 1019 Brazos Street, Room 214, James R. Rudder Building, Austin, Texas 78701, who then shall mail a copy of the process by registered mail or by certified mail, return receipt requested, to Outtask, Inc. Corporate Headquarters, 209 Madison Street, Suite 400, Alexandria, Virginia 22314, which is the home office or principal business office of Outtask, Inc.

### Jurisdiction

5.    This Court has subject matter jurisdiction over the federal statutory claims in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

6.    This Court has supplemental jurisdiction over the claims in this Complaint that arise under the law of the State of Texas pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

7.    In addition, this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. This controversy is between citizens of different states, and the matter in controversy exceeds $75,000.

8.    This Court has personal jurisdiction over defendants because they are foreign corporations that committed tortious acts in this District and systematically conduct business in the District.

**Venue**

9.    Venue lies properly in this Court pursuant to 28 U.S.C. § 1391(b). The claims asserted in this action arose in this District; a substantial part of the activities, conduct, and/or damages occurred in Texas; and both defendants have substantial contacts with this District.

10.    Venue is proper in this Court because both defendants direct commercial activity to residents of Texas, including residents of this District. Consumers in this District interact with the Outtask website and the Cliqbook software application, which is "powered by FareChase." Consumers in this District interact with Outtask's website by searching for, requesting, purchasing, and acquiring through defendants via the Internet airline flights originating from and arriving at airports in Dallas, Amarillo, and Lubbock, among others in Texas. Defendants intend to and will continue to market, advertise, and sell airline transportation services to residents in this District.

## Facts Giving Rise to This Action

**A.      Southwest's Operations**

11.      Southwest is the only major, short-haul, low-fare, high-frequency, point-to-point air carrier in the United States.   Southwest is headquartered in Dallas, Texas and conducts substantial business operations at the Dallas Love Field Airport.

12.      Southwest began service in 1971 with three jets serving Houston, Dallas, and San Antonio, Texas and has since grown into the fourth largest airline in the country.   In the highly competitive and sometimes tumultuous airline industry, Southwest has maintained thirty consecutive years of profitability.   This success is due not only to Southwest's low fares, but also to its commitment to customer service.   Southwest's mission has long been "dedication to the highest quality of Customer Service delivered with a sense of warmth, friendliness, individual pride, and Company Spirit."   In fact, the Department of Transportation's Air Travel Consumer Report has ranked Southwest number one in fewest customer complaints for the last twelve consecutive years.

13.      In the more than thirty years that Southwest has been offering air transportation services under the "Southwest" name and trademark, it has developed a substantial amount of goodwill with its customers by establishing itself as a customer-focused, low fare airline.

14.      In recognition of the value in the mark and name "Southwest," Southwest has sought and obtained numerous U.S. trademark registrations, including numbers 1,230,081, 1,738,670, 2,112,041, 2,623,807, and 2,615,005 for SOUTHWEST (& Design), SOUTHWEST AIRLINES, SOUTHWEST.com, and variations thereof.

**COMPLAINT**                                    -4-

**B.     Southwest's Online Customer Service**

15.     In order to maintain its valuable reputation as a low-fare airline and to keep ticket prices low for its customers, Southwest relies on the Internet to conduct a substantial portion of its business.  In fact, Southwest was the first airline in this country to establish an informational and then interactive site on the World Wide Web accessible to the traveling public.

16.     Specifically, since 1994 Southwest has developed a privately-owned computer system, which includes the Southwest.com website and numerous supporting servers, databases, routers, networks, bandwidth, cabling, appliances, switches, filers, and firewalls ("Southwest.com").  Through Southwest.com, Southwest provides proprietary fare, route, and schedule information to its actual and potential customers in an interactive format.  Southwest has invested substantial time and money in developing, compiling, and maintaining its proprietary computer system and website, and the proprietary fare, route, and schedule information contained in it.

17.     Southwest strives to provide its customers with the same friendly, unique "Southwest Experience" on the Internet that it provides in all its operations, from the moment a customer accesses Southwest.com to the moment he or she leaves the airport at the end of a trip. Southwest devotes substantial time and effort to enhance the "end-to-end" customer experience. This focus has helped Southwest distinguish itself and develop its reputation and goodwill among the traveling public.  It strives to make Southwest.com a user-friendly website, that displays its fares quickly, conveniently, accurately, and in a way that conveys the full breadth of Southwest's fares, even those that are not available for a particular itinerary.  To preserve its standards of customer service, reputation, and goodwill, Southwest has chosen Southwest.com as the only website on which it distributes its fares.

<u>**COMPLAINT**</u>                                          -5-

18.    Southwest makes its computer system, website, and the proprietary contents thereof available to consumers subject to certain terms and conditions of use which make it clear that the system and information displayed thereon is proprietary and owned by Southwest (the "Use Agreement"). The Use Agreement, which is referenced by interactive link on the Southwest.com homepage as well as each successive page of the website, provides the terms and conditions under which users may access Southwest.com and use the information on it.

19.    The Use Agreement expressly prohibits use of the information on Southwest.com for commercial purposes.  It also prohibits use of any "deep-link," "page-scrape," "robot," "spider" or other automatic device to "access, acquire, copy or monitor any portion of the Southwest web site."  In fact, the Use Agreement is available in text and also posted in robots.txt, a code that robots or other automatic devices read upon attempting to access a website.

20.    The Use Agreement for Southwest.com also states:

> Information concerning Southwest and its services, including flight schedules, routes, fares, text, graphics, button icons, audio and video clips, digital downloads, data compilations (including Customer and Rapid Rewards information), logos and information regarding the status of Southwest flights, etc. is referred to as "Company Information." Southwest owns all copyrights, trademarks, service marks, trade names related to the Company Information and the Company Information is proprietary to Southwest.

## C.    Opportunism on the Internet: Wrongful Conduct of Defendants

21.    FareChase manufactures, develops, and licenses software commonly known as "screen-scraping" software and applications that it represents as being capable of accessing, searching, and obtaining data from Southwest.com.  The software works by sending a robot, spider, or other automated scraping device across the Internet to access, enter, and search

targeted airline websites and extract proprietary fare and schedule data from the websites. This scraping is to further the commercial purposes of FareChase and its licensees, including Outtask.

22.    Outtask licenses the FareChase software for use in its "Cliqbook" product, which is marketed as a corporate booking tool. Cliqbook includes a feature that allows corporate travelers to search for airline fares, as well as various features designed for corporate travel management.

### 1.    Unauthorized scraping of Southwest.com

23.    FareChase provides its licensees, including Outtask, with an automated "data retriever" that is specifically designed to access, enter, and search Southwest.com and extract the proprietary fare, route, schedule, and availability data that it contains. Defendants use the software to send screen-scraping robots to extract proprietary fare and schedule data from Southwest.com and then distribute Southwest's fares through their own products and for their own profit.

24.    Southwest has no business relationship with either defendant, and it does not endorse or approve of their products or services in any way. In order to trade off of the goodwill that Southwest has established with consumers as a low-fare airline, however, defendants advertise that their products have the ability to search and scrape Southwest.com. In fact, Outtask's Cliqbook product -- which defendants market as "powered by FareChase" -- lists Southwest as a "Web Provider."

25.    Defendants know that their access to, copying of, and distribution of Southwest fares is not authorized by Southwest. Defendants' conduct is inconsistent with Southwest's distribution strategy. Their unauthorized distribution of Southwest's fares in this manner deprives it of the ability to interact directly with its customers in a manner consistent

with Southwest's customer service commitment. In short, defendants deliberately invade and commandeer Southwest's property without its consent, for defendants' own commercial benefit and for purposes contrary to Southwest's customer-service and distribution philosophies.

26. Purshasers and users of Cliqbook products are likely to rely on defendants' representations that those products are capable of searching numerous travel sites, including Southwest.com, and are likely to draw the false impression that there is a business relationship between Southwest and defendants.

### 2. Deception of consumers

27. Defendants deceive users of Cliqbook into believing that they are transacting business on Southwest.com, when in fact they are transacting business on a website controlled by defendants.

28. When a user of the FareChase-powered Outtask application selects a Southwest fare from a list of possible fare options, that user is taken to a website that falsely appears to be a Southwest.com web page. The page contains text and graphics identical to a Southwest.com page. But this website and page are a fake. Defendants have programmed the website to hide its URL address, which when revealed indicates that it is a "www.farechase. outtask.com" website, not Southwest.com.

29. Defendants copy and redisplay material for the fake web pages directly from Southwest.com, and other material is provided by them. Thus, the fake pages are a hybrid of actual Southwest.com data and programming supplied by defendants. In the fake pages, defendants replace each of the links included in the real Southwest.com website with links to other defendant-controlled fakes of Southwest.com pages. The title of each of these fake pages, which is displayed to the user, misrepresents that it is a "Southwest Airlines" page.

30. This deception continues through the point at which a user submits personal and credit card information to book a Southwest fare on the fake Southwest.com page. While users appear to be submitting their information only to Southwest.com, they are actually submitting their information to or through defendants' website.

31. Moreover, the defendants' Cliqbook search feature displays Southwest fares with an outdated company logo, rather than the current trademarks and logos that Southwest uses in presenting its fares to the public.

32. Furthermore, the manner in which defendants produce the fake Southwest.com web pages causes them to be slower than real Southwest.com pages. This damages the goodwill Southwest has built up through its substantial investment in technology to make Southwest.com a fast, responsive, and user-friendly website.

**3.     Providing incomplete and inaccurate information**

33. In addition to creating the false impression that customers are accessing Southwest.com, defendants' "search results" misrepresent Southwest's low fares. While representing that they offer all of Southwest's fares, defendants' Cliqbook product sometimes omits the lowest Southwest fare and thus states that the lowest Southwest fare available is hundreds of dollars more expensive than it actually is. This discourages travelers from booking Southwest flights and diverts them to other airlines offering the lowest fares on the Cliqbook list -- fares higher than those of Southwest.

34. While claiming to give users the benefit of Southwest's low fares, defendants' fake Southwest.com site diverts users from several screens and functions that make the real Southwest.com website particularly user-friendly. The path of a search on defendants' fake Southwest.com site bypasses Southwest.com's "choices" page, which allows a user to select

from among a number of different flight options and to see both available fares and fares not available for the chosen itinerary. This helps travelers with flexible travel plans to take advantage of Southwest's low fares, simply by adjusting their travel plans.

35.    Defendants also channel users around the new Southwest "Shortcut." The Shortcut uses a calendar display to allow customers easily and quickly to compare fares on numerous different travel dates on one screen, to plan their travel. Thus, defendants' product fails adequately to portray the breadth of Southwest's low fares, and it creates an inferior user experience than that associated with the real Southwest.com.

36.    When consumers use defendants' product in the mistaken belief that the product is searching for all airfares on Southwest, but in fact those products do not return results which include all Southwest fares, consumers are likely to conclude that Southwest's fares must be higher or that Southwest does not serve the route or schedule desired. As a result, they are likely to purchase a competitive fare located through defendants' product without ever checking Southwest.com itself.

37.    Defendants' false and misleading claims not only divert sales from Southwest.com but also irreparably harm and damage Southwest's valuable reputation for having certain popular point-to-point flight routes and its reputation for consistently offering lower fares than its competitors.

38.    Outtask's marketing of the FareChase-powered Cliqbook application also impairs Southwest's efforts to reduce its distribution costs through its SWABIZ product. SWABIZ is a tool that assists company travel managers in booking and tracking trips made through Southwest.com. SWABIZ encourages corporate travel managers to utilize Southwest.com for their travel needs, and Southwest offers it at no cost to the customer.

**COMPLAINT**                                           -10-

Southwest has invested substantial time and resources in developing and promoting its SWABIZ product, but some potential users are likely not to use the product if they can book Southwest fares through Cliqbook.

**D.      Defendants Refusal to Cease their Wrongful Conduct**

39.      Southwest has contacted both defendants to request that they stop scraping Southwest.com immediately.  Defendants have actual knowledge of the Southwest.com Use Agreement, and they know that their use of Southwest.com is unauthorized and in violation of the Use Agreement.

40.      FareChase represented that it would stop scraping Southwest.com. Instead, it merely disabled the Southwest.com data retriever on its own product demonstration on the FareChase.com website; it chose not to disable the data retriever on the software that it provides to Outtask and other licensees.

41.      Outtask has refused to stop scraping Southwest.com using FareChase software, despite Southwest's requests.

42.      Southwest has spent significant resources in attempting technologically to block access to Southwest.com by defendants.   In response, defendants have evaded these website protection measures by "masking" or hiding their identity when they scrape Southwest.com.

43.      Defendants' unauthorized scraping of Southwest.com is intentional.

44.      In fact, this is not FareChase's first legal dispute with the owner of a website targeted by its scraping robots.  In March 2003, the 67th District Court of Tarrant County, Texas found that FareChase violated the terms and conditions of American Airlines' AA.com® website and committed a trespass to the airline's computer system.  The court noted

**COMPLAINT**                                         -11-

that FareChase intentionally included in its software a "masking" feature which disguised its identity so that the airline could not prevent FareChase's unauthorized access. Thus, the court issued a temporary injunction against FareChase's scraping, and it prohibited FareChase from further unauthorized access of the website.

**Count I
(False Advertising and Unfair Competition
In Violation of 15 U.S.C. § 1125)**

45. Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

46. In connection with their services and/or commercial activities, defendants use in commerce and in commercial advertising and promotion false or misleading descriptions of fact and/or false or misleading misrepresentations of fact which misinterpret the nature, characteristics, and/or qualities of their services and/or commercial activities, and/or that of Southwest's services and/or commercial activities. Defendants' activities described above violate 15 U.S.C. § 1125(a)(1)(B).

47. Moreover, the intentional and unauthorized use by defendants in commerce of the "Southwest" name and mark is likely to cause confusion, mistake, or deception among the consuming public as to the source or origin of defendants' services and/or as to Southwest's affiliation with, endorsement of, or sponsorship of defendants' services.

48. The continued, unauthorized use of the well known "Southwest" name and mark by defendants has been done with intent to trade upon the goodwill and reputation of Southwest. Accordingly, defendants' actions constitute willful infringement and constitute false designation of origin, false descriptions, and false representations in interstate commerce, all in violation of 15 U.S.C. § 1125(a).

49.     As a result of defendants' conduct, Southwest has been damaged. In addition to Southwest's actual damages, to the extent they may be ascertained, Southwest is entitled to receive defendants' profits, pursuant to 15 U.S.C. § 1117(a). These actual damages and profits should be enhanced because defendants' conduct is willful.

50.     In addition, Southwest has suffered and will continue to suffer irreparable injury to its business reputation and goodwill. Defendants are likely to continue to commit activities in violation of 15 U.S.C. § 1125(a), and unless restrained and enjoined, they will continue to do so, all to Southwest's irreparable injury. Southwest's remedy at law is not by itself adequate to compensate it for the injuries inflicted and threatened by defendants. Accordingly, Southwest is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

51.     Southwest is also entitled to recover its attorney fees and costs of suit pursuant to 15 U.S.C. § 1117.

**Count II**
**(Trademark Infringement in**
**Violation of 15 U.S.C. § 1051)**

52.     Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

53.     Southwest is engaged in interstate commerce.

54.     Southwest has built public recognition in its SOUTHWEST, SOUTHWEST AIRLINES, SOUTHWEST.COM, and related trademarks ("Southwest's Trademarks") under which it does business in interstate commerce.

55.     The unauthorized use of Southwest's Trademarks by defendants is likely to cause confusion, mistake, or to deceive the public as to the affiliation, connection, or association between defendants on the one hand and Southwest on the other.

56. As a result of the foregoing, Southwest has been and will continue to be damaged.

57. In addition to Southwest's actual damages, Southwest is entitled to receive defendants' profits, pursuant to 15 U.S.C. § 1117(a).

58. These actual damages and profits should be enhanced for willfulness under 15 U.S.C. § 1117(a), because Southwest's remedies are otherwise inadequate, and defendants' conduct was done with the intent to confuse and deceive.

59. In addition, Southwest has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill. Defendants are likely to continue to commit their unlawful activities unless restrained and enjoined. Southwest's remedy at law is not by itself adequate to compensate for the injuries inflicted and threatened by defendants. Accordingly, Southwest is entitled to injunctive relief, pursuant to 15 U.S.C. § 1116.

60. Southwest is also entitled to recover its attorney fees and costs of suit, pursuant to 15 U.S.C. § 1117.

### Count III
### (Computer Fraud and Abuse in
### Violation of 18 U.S.C. § 1030)

61. Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

62. Without authorization, defendants intentionally access protected Southwest computers and obtain information involved in an interstate or foreign communication.

63. In addition, knowingly and with and intent to defraud, defendants access protected Southwest computers without authorization and by means of that conduct further the intended fraud and obtain value beyond the use of the computer itself.

**COMPLAINT** -14-

64.    In addition, defendants knowingly cause the transmission of a program, information, code, or command, and as a result intentionally cause damage without authorization to Southwest.    In addition, defendants intentionally access a protected computer without authorization, and as a result recklessly cause damage.    In addition, defendants intentionally access a protected computer without authorization, and as a result cause damage.    Such conduct has caused damage to Southwest during the past year of at least $5,000.

65.    Under 18 U.S.C. § 1030(g), Southwest is entitled to its compensatory damages and injunctive or other equitable relief.

### Count IV
### (Misappropriation)

66.    Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

67.    Southwest has invested substantial time, labor, skill, and financial resources into the creation and maintenance of Southwest.com and its related computer systems, including system capacity, as well as the fare, route, and scheduling information contained in it.

68.    Southwest's proprietary fare, route, and scheduling information is time-sensitive, in that it is subject to frequent or daily change.    In addition, the information has little or no value after the relevant flights have departed.

69.    Without authorization, defendants wrongfully access Southwest.com and misappropriate Southwest's computer systems, including system capacity, and its proprietary fare, route, and scheduling information, at little or no cost to defendants.    They have made Southwest's proprietary fare and scheduling information available to customers for their own profit.    As such, defendants' use of Southwest's proprietary information constitutes free-riding on Southwest's substantial investment of time, effort, and expense.

**COMPLAINT**                    -15-

70.    As a result of this misappropriation, defendants wrongfully compete with Southwest, and Southwest has been forced to expend additional time and resources to try to prevent such misappropriation.

71.    Southwest has been and will continue to be damaged as the result of defendants' misappropriation of Southwest's valuable, proprietary information.

72.    In addition, Southwest has suffered and will continue to suffer irreparable injury, and its remedy at law is not itself adequate to compensate it for injuries inflicted by defendants. Accordingly, Southwest is entitled to injunctive relief.

### Count V
### (Breach of Southwest.com Use Agreement)

73.    Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

74.    The Southwest.com Use Agreement is a valid, binding agreement on defendants.

75.    Upon defendants' use of Southwest.com, both defendants agreed to be bound by the terms of the Use Agreement.

76.    By accessing Southwest.com by automatic device and engaging in "page-scrape" activities designed to collect information from the site for commercial purposes and commercial gain. Defendants have breached the Use Agreement.

77.    Southwest has been and will continue to be damaged as the result of defendants' breach of the Use Agreement.

78.    In addition, Southwest has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by defendants. Accordingly, Southwest is entitled to injunctive relief.

**COMPLAINT**                                    -16-

## Count VI
### (Interference with Business Relations)

79.     Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

80.     There is a reasonable probability that customers who purchased Southwest tickets on the FareChase-powered Outtask application would have entered into a contractual relationship directly with Southwest.

81.     Those relationships were prevented from occurring by independently tortious or unlawful acts by defendants, including: (a) misappropriation of Southwest.com and the proprietary information contained in it; (b) breach of the terms of the Use Agreement; (c) trespass; (d) unjust enrichment; (e) violation of § 33.02 of the Texas Penal Code and § 143.001 of the Texas Civil Practice and Remedies Code; (e) Unfair Competition; (f) False Advertising; and (g) Trademark Infringement.

82.     Defendants acted with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of their conduct.

83.     Southwest has been and will continue to be damaged as a result of defendants' interference.

84.     In addition, Southwest's remedy at law is not itself adequate to compensate it for injuries inflicted by defendants.   Accordingly, Southwest is entitled to injunctive relief.

### Count VII
### (Trespass)

85.    Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

86.    Defendants have intentionally, and without authorization, accessed and interacted with Southwest.com. Access to Southwest.com and the proprietary information contained in it is granted only to those users who abide by the terms and conditions of the Use Agreement. By disregarding the terms and conditions of the Use Agreement, and Southwest's express objections to their activities, defendants have unlawfully gained access and interfered and intermeddled with Southwest.com. Moreover, defendants reduce Southwest.com's capacity to service Southwest's customers by occupying and using Southwest.com's resources.

87.    Defendants' conduct constitutes trespass that has harmed and will continue to harm Southwest.com. As a result, Southwest has been and will continue to be damaged.

88.    In addition, Southwest has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by defendants. Accordingly, Southwest is entitled to injunctive relief.

### Count VIII
### (Unjust Enrichment)

89.    Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

90.    Defendants knowingly benefited and continue to unjustly benefit from their unauthorized access of Southwest.com and use of the proprietary content in it. Defendants

**COMPLAINT**                                    -18-

have accepted the benefit and never compensated Southwest for their unauthorized access to Southwest.com or their use of its proprietary information.

91.     Defendants have been unjustly enriched to the detriment of Southwest.

### Count IX
### (Harmful Access by Computer)

92.     Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

93.     Defendants have violated § 33.02 of the TEXAS PENAL CODE by knowingly, and without effective consent, accessing Southwest.com.   Southwest has been harmed by such illegal conduct.

94.     Pursuant to § 143.991 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, defendants' knowing and intentional violation of the TEXAS PENAL CODE makes them liable for harmful computer access of Southwest.com.

### Count X
### (Violation of the Texas Anti-Dilution Act,
### Tex. Bus. & Com. Code Ann. § 16.29)

95.     Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

96.     The acts of defendants are likely to injure the business reputation or to dilute the distinctive quality of registered or valid marks of Southwest, through both blurring and tarnishment.

97.     Pursuant to Section 16.29 of the TEXAS BUSINESS & COMMERCE CODE, the Court should enjoin the activities of defendants which are likely to injure Southwest's business reputation or to dilute the distinctive quality of its marks.

## Count XI
### (Texas Common Law Trademark Infringement)

98. Southwest realleges and incorporates by this reference the material factual allegations set forth in the preceding paragraphs.

99. Southwest's marks are eligible for protection.

100. Southwest is the senior user of its marks.

101. Defendants' use of Southwest's marks creates a likelihood of confusion between defendants on the one hand and Southwest on the other, which are competitors.

102. The likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy.

## Count XII
### (Civil Conspiracy)

103. Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

104. Defendants have engaged agents, licensees, and/or affiliates to use its page-scrape software for the purpose for which it was intended: to obtain unauthorized access, by robot, spider, or other automatic device, to Southwest's computer system, including the proprietary Southwest.com website and the proprietary content contained in it. Defendants have acted in combination with numerous agents, licensees, and/or affiliates, including each other, for this unauthorized and unlawful purpose.

105. The access to and extraction of proprietary information from Southwest.com by defendants and their agents, licensees, and/or affiliates is unlawful in a number of ways, including: (a) misappropriation of Southwest.com and the proprietary information contained in it; (b) breach of the terms of the Use Agreement; (c) trespass; (d) unjust

**COMPLAINT** -20-

enrichment; (e) violation of § 33.02 of the TEXAS PENAL CODE and § 143.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

106.     Southwest has been damaged as a result of defendants' conspiracy.

**Attorneys' Fees**

107.     Southwest realleges and incorporates by reference the material factual allegations set forth in the preceding paragraphs.

108.     Southwest has been required to retain the services of the undersigned attorneys in the prosecution of this claim. Pursuant to § 38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Southwest seeks to recover its attorneys' fees and costs expended in prosecuting this matter.

**Prayer for Relief**

Southwest respectfully requests judgment as follows:

1.     That the Court enter a judgment against defendants that they have:

a.     Willfully committed and are committing acts of false advertisement, false designation of origin, false or misleading description of fact, and false or misleading representations against Southwest, in violation of 15 U.S.C. § 1125(a).

b.     Profited from or are participating in the infringing use of Southwest's trademarks;

c.     Knowingly and with intent to defraud, accessed Southwest's protected computers without authorization, and knowingly caused the transmission of a program or code to Southwest's protected computers, causing damage of at least $5,000 over a one-year period;

d.     Misappropriated Southwest's proprietary information;

**COMPLAINT**                                      -21-

e.    Breached the express terms of the Use Agreement for Southwest.com;

f.    Interfered with the prospective business relations of Southwest, with a conscious desire to prevent prospective business relationships;

g.    Committed trespass to Southwest.com;

h.    Have been unjustly enriched to the detriment of Southwest;

i.    Intentionally violated § 33.02 of the Texas Penal Code, rendering them liable under § 143.001 of the Texas Civil Practice & Remedies Code;

j.    Infringed Southwest's common law trademark rights;

k.    Conspired with each other, and with other agents, licensees, and/or affiliates to unlawfully access and extract data from Southwest.com without authorization; and

l.    Otherwise injured the business reputation and goodwill of Southwest by the acts set forth in this Complaint.

2.    That the Court issue preliminary and permanent injunctive relief against defendants, that they and their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and any and all others in active concert or participating with them, be enjoined and restrained from:

a.    engaging in any activity constituting a violation of 15 U.S.C. § 1125(a), including using in commerce in connection with their services and/or commercial activities, in commercial advertising and promotion, words, terms, names, symbols, false designations of origin, false or misleading descriptions of fact, and/or false or misleading misrepresentations of fact which misrepresent the nature, characteristics, and/or qualities of their services and/or commercial activities and/or Southwest's services and/or commercial activities;

**COMPLAINT**                                    -22-

b. using any designation of origin or description that can or is likely to lead anyone to believe that any product or service has been produced, distributed, offered for distribution, sold, offered for sale, advertised, displayed, licensed, sponsored, approved or authorized by or for Southwest, when such is not true;

c. using without authorization and infringing Southwest's trademarks, in violation of 15 U.S.C. § 1051, or the common law;

d. engaging in acts that blur or tarnish Southwest's valid marks in violation of Tex. Bus. & Com. Code Ann. § 16.29;

e. accessing Southwest's protected computers without authorization, and transmitting any program, information, code, or command, which causes damage to Southwest;

f. accessing, searching, copying, and/or scraping Southwest.com without authorization from Southwest, or in any manner that violates the Use Agreement, constitutes trespass to Southwest.com, or misappropriates Southwest's proprietary fare and schedule data, including for the purpose of updating defendants' software;

g. interfering with Southwest's prospective business relations;

h. engaging in conduct that unjustly enriches defendants to the detriment of Southwest; and

i. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above, including selling, licensing, or otherwise providing to any person or entity any software, including updates to existing software, which is capable of accessing Southwest.com.

**COMPLAINT** -23-

3.      That, to the extent such damages are calculable, the Court order defendants to pay Southwest's damages as follows:

a.      Southwest's damages and defendants' profits, pursuant to 15 U.S.C. § 1117(a), as enhanced for defendants' willful false advertising, false designation of origin, and false description, and trademark infringement;

b.      Statutory damages under 15 U.S.C. § 1117(d), if Southwest so elects;

c.      Southwest's damages and the defendants' profits pursuant to Texas common law;

d.      Southwest's damages resulting from defendants' harmful access of Southwest's computer systems; and

e.      Southwest's damages resulting from defendants' violations of Tex. Bus. & Com. Code Ann. § 16.29.

4.      That the Court order defendants to pay Southwest both the costs of this action and the reasonable attorney fees incurred by it in prosecuting this action; and

5.      That the Court grant to Southwest such other and additional relief to which Southwest has shown itself to be justly entitled, whether at law or in equity.

Respectfully submitted,

Ramona Martinez
State Bar No. 13144010
Cowles & Thompson
901 Main Street, Suite 4000
Dallas, Texas  75202
214-672-2173
214-672-2020 (fax)

**LOCAL COUNSEL FOR
PLAINTIFF SOUTHWEST
AIRLINES CO.**

R. Paul Yetter
State Bar No. 22154200
Yetter & Warden, L.L.P.
909 Fannin, Suite 3600
Houston, Texas  77010
713-632-8000
713-632-8002 (fax)

**ATTORNEYS FOR PLAINTIFF
SOUTHWEST AIRLINES CO.**

**COMPLAINT**                                    -25-